UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| CITY, COUNTY & WASTE PAPER DRIVERS LOCAL UNION NO. 244, | CASE NO. 1:10-CV-2928 |
| Plaintiff, | |
| vs. | OPINION & ORDER [Resolving Doc. No. 2] |
| REPUBLIC SERVICES, INC. D/B/A/ ALLIED WASTE SERVICES OF CLEVELAND | |
| Defendant. | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This matter is before the Court on Plaintiff City, County & Waste Paper Drivers Local Union No. 244's ("Teamsters Local 244") motion for a temporary restraining order and preliminary injunction to restrain Defendant Republic Services, Inc. from transferring bargaining unit work from its Cleveland hauling station to its Elyria hauling station. [Doc. 2.] In essence, the Plaintiff asks the Court to maintain the status quo until an arbitrator can hear the dispute, which is scheduled in April. On January 21, 2011 the Court held a hearing on Plaintiff's motion. After considering the parties' evidence and arguments the Court **DENIES** Plaintiff's motion.

Under the Norris-LaGuardia Act, 29 U.S.C. §§ 101 *et seq.*, federal courts do not generally have jurisdiction to enter injunctions in labor disputes. The Supreme Court, however, recognized a narrow exception to Norris-LaGuardia's bar in *Boys Markets, Inc. v. Retail Clerks Union Local*

-1-

Case No. 1:10-CV-2928
Gwin, J.

*770*, 398 U.S. 235 (1970), determining that federal courts have authority to enter injunctive relief in cases where such relief is necessary to aid in the enforcement of a mandatory arbitration process contained in a collective bargaining agreement. To exercise jurisdiction in these cases, *Boys Markets* requires: (1) the underlying grievance is one which the parties are contractually bound to arbitrate; and (2) injunctive relief is justified under ordinary principles of equity, namely (a) breaches of the agreement have been threatened and will be committed or are occurring and will continue; (b) the party will suffer irreparable harm as a result; and (c) the balance of hardships weighs in favor of an injunction. *Aluminum Workers Intern. v. Consol. Aluminum Corp.*, 696 F.2d 437, 442-44 (6th Cir.1982). If all the *Boys Markets* criteria are met, a district court may enjoin an employer whose actions have the effect of evading a duty to arbitrate or which would otherwise undermine the integrity of the arbitral process, rendering an arbitrator's decision a practical nullity. *Id.* at 441.

In this case, the parties agree that the underlying dispute is one which is arbitrable and in fact are in the process of arbitration. The Court also finds that the Plaintiff has arguably shown a breach of the collective bargaining agreement, although it is a close call. At a minimum, the Plaintiff has presented evidence that the Defendant's rejigger of certain bargaining unit work from the province of one Teamsters Local to another is, in effect, the "subcontracting" of protected bargaining unit work. If so, this would arguably violate Article 14 of the parties' collective bargaining agreement. The Court need not elaborate further, however, as to do so would require the Court "to do precisely what the policies embodied in our national labor laws" command the courts not to and unnecessarily "encroach upon the arbitrator's domain by predetermining the merits of the dispute." *Id*.

Beyond that, however, the Plaintiff has failed to show an irreparable injury "so great that an arbitrator's award, if forthcoming, would be inadequate to fully recompense the injured party." *Id.*

Case No. 1:10-CV-2928
Gwin, J.

at 443. Plaintiff says that the *threat* of a layoff, which if it came to pass would result in the loss of health insurance for its members, is an irreparable harm. It is not. Although the Court is sympathetic to the concerns of the Local Teamsters 244 members, many of whom testified that they fear the loss of their benefits, the Sixth Circuit has foreclosed this argument. First, the Defendant has not yet laid off anyone as a result of its decision to reroute work from Cleveland to Elyria. Considered in that sense, the only harm the members have suffered so far is from being in a state of mental limbo, so to speak. *See United Food & Commercial Workers Union, Local 17A v. Superior's Brand Meats, Inc.*, 656 F. Supp. 746, 751-52 (N.D. Ohio 1987). In today's economy, that fear is not unique to the members of Local Teamsters 244 and is certainly not the type of harm contemplated by *Boys Markets*.

Second, even if the layoffs had already occurred or were imminent, the loss of employment typically means the end of employer-sponsored health insurance and the Sixth Circuit has found that even the actual "loss of employment . . . is not irreparable harm and will not support a claim by the union for injunctive relief." *See Aluminum Workers*, 696 F.2d at 443. *But see Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 580 (S.D. Ohio 1983). And finally, on a more practical level, the Defendant has offered and continues to offer an intra-company transfer to those Local Teamsters 244 members affected by the rerouting of work. As a result, any member worried about the loss of their health insurance can, if presented with a transfer-or-terminate ultimatum, accept the transfer for the time being to stay on the Defendant's health insurance plan and later seek reinstatement from the arbitrator.

Because the Plaintiff's motion for a preliminary injunction and temporary restraining order fails on the issue of irreparable harm, "it is unnecessary for us to deal with the . . . balance of

Case No. 1:10-CV-2928
Gwin, J.

hardships. Only in those cases where the party seeking relief can demonstrate irreparable harm . . . need a court go on to balance that harm against the harm to be suffered by the party against whom relief is sought." *Aluminum Workers*, 696 F.2d at 444.

The Court realizes the devastating impact layoffs may have upon the Local Teamsters 244 members and their families. Nonetheless, for the reasons stated above, the Court **DENIES** Plaintiff's motion for a temporary restraining order and preliminary injunction.

IT IS SO ORDERED.


Dated: January 31, 2011                    *s/    James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE