UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CITY, COUNTY & WASTE PAPER :
DRIVERS LOCAL UNION NO. 244, : CASE NO. 1:10-CV-2928
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 7]
REPUBLIC SERVICES, INC. :
D/B/A/ ALLIED WASTE SERVICES OF :
CLEVELAND :
:
      Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      This matter is before the Court on Defendant Republic Services' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule 12(b)(6). Defendant contends that this Court lacks subject matter jurisdiction because Plaintiff seeks Court intervention in a labor dispute in violation of the Norris-LaGuardia Act, 29 U.S.C. §§ 101 *et seq*.

      Defendant filed the instant motion to dismiss on January 12, 2011. [Doc. 7.] Between then and now, the Court held a hearing on Plaintiff's motion for a temporary restraining order subsequently issued an opinion denying that motion. [Doc. 13.] In the opinion, the Court held that it did not have subject matter jurisdiction to enter an injunction in the parties' dispute under the Norris-LaGuardia Act. *City, County & Waste Paper Drivers Local Union No. 244 v. Republic*

Case No. 1:10-CV-2928
Gwin, J.

*Services, Inc.*, No. 1:10-CV-2928, 2011 WL 332731 (N.D. Ohio Jan. 31, 2011).

Plaintiff's complaint asks for a temporary restraining order, preliminary injunction, and a permanent injunction to restrain Defendant Republic Services from transferring bargaining unit work from its Cleveland hauling station to its Elyria hauling station. [Doc. 1.] As explained in the Court's earlier opinion, however, the Court lacks subject matter jurisdiction to enter an injunction in this case. *See also Cleveland Area Local, Am. Postal Workers Union v. U.S. Postal Serv.,* 968 F. Supp. 1199, 1204 (N.D. Ohio 1997) (granting defendant's motion to dismiss for lack of subject matter jurisdiction under Norris-LaGuardia after denying plaintiff's motion for temporary restraining order). Thus, having waited since January 12 for Plaintiff to oppose Defendant's motion to dismiss, and having waited since January 31 for Plaintiff to amend its complaint to assert a claim that the Court does have jurisdiction to hear, the Court **GRANTS** Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: February 28, 2011               *s/ James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE